Dear Mayor Lindsey:
This office is in receipt of your request for an opinion of the Attorney General in regard to several issues before the new City Council. They are as follows:
 1. Can the City Council require that all bills and payroll be presented to the Council for approval prior to the disbursement of any funds each month?
 2. Can the City Attorney and special counsel which was hired by the existing Mayor and approved by the previous council be terminated by the newly elected City Council?
 3. Can the City Council require that all city vehicles except police units be parked at a city facility at the close of each business day?
 4. Can the City Council require that no special meetings shall be called without the approval of the majority of the City Council?
 5. Can the City Council require that a list of all accounts and accounts payable and purchase orders be presented to them?
 6. Can the City Council set the times for all department heads to meet for reorganizational meetings; and require that each department head present a list of their employees job description and duties?
 7. Can the City Council designate and set the work times for city employees each day, including lunch?
In response to your first question whether the City Council can require that all bills and payroll be presented to the Council for approval prior to disbursement we note that this office responded to you in a similar question in Atty. Gen. OP. 92-215. Therein it was observed that the Mayor is the Chief Executive officer of the municipality and has charge of the administering of the day-to-day administration of municipal government, whereas the legislative powers of the municipality are vested in the board of aldermen. Following this observation this office concluded as follows:
 Based upon the concept of this division of power, it does not appear that the board of aldermen has a duty or right to approve specific bills for payment. The board of aldermen do approve the budget, but after the budget is approved and the Board of Aldermen has appropriated funds therefore, the mayor has the power and the duty to pay bills in the conduct of the proper administration of municipal affairs. It is the opinion of this office that the aldermen have no right or duty to approve the payment of specific bills, if same fall within a category in the approved budget and proper appropriations have been made therefore.
Accordingly, we adhere to the previous conclusion that the Mayor can pay specific bills without the Board of Aldermen's approval when the bills fall within a category on the approved budget and proper appropriations were made.
In regard to your second question whether the city attorney and special counsel approved by the previous council can be terminated by the newly elected City Council, we have been informed that the Mayor was elected in October at the regular municipal election, but the council was held over until the spring elections because of reapportionment. Consequently, the Mayor made the appointments at the first regular meeting following his election with the confirmation by the hold over board.
We find R.S. 33:386 pertinent in responding to your question whether the newly elected City Council can terminate the City Attorney hired by the existing Mayor and approved by the previous council. The statute provides for appointment of municipal officials and sets forth in paragraph that (A) "At the first regular meeting of the board of aldermensucceeding each regular election, the mayor, subject to confirmation bythe board of aldermen, shall appoint * * * a clerk, tax collector * * * and all other necessary officers whose election is not provided for in R.S. 33:381." Thereafter, Paragraph (C) states, "The mayor, subject to confirmation of the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality", but further provides in paragraph (D) that the "term of the clerk, tax collector, nonelected chief of police, street commissioner, municipal attorney, and court magistrateshall end at the time of the first regular meeting of the board ofaldermen succeeding each regular municipal election." (Emphasis added.)
Inasmuch as the appointment in question was made at the first regular meeting of the board as it existed after the regular municipal election, the council subsequently elected following the reapportionment cannot terminate the municipal attorney confirmed at the first regular meeting of the board that succeeded the regular municipal election.
Therefore, we would conclude the City Attorney appointed by the present Mayor and approved by the council as it existed after the regular municipal election would remain in that position until a new appointment is made after the next regular muncipal election, and in this case it is as set by ordinance to have their election on the congressional election date, R.S. 33:383(A).
In regard to your question whether the City Council can require all city vehicles, except police units, to be parked at a city facility at the close of the business day, we find this requirement would be valid when enacted by ordinance, but not simply a council resolution. In Atty. Gen. Op. 02-282 this office found an ordinance valid insofar as it prohibited "unauthorized personal use" of town vehicles and documentation of out of town vehicle use. It noted with regard to restricting the use of town vehicles as a mode of transportation to and from work except for the Chief of Police and Assistant Chief of Police, that this could only be an infringement upon the Chief's authority in the event other members of the police force would be on call and were authorized by the Chief to travel to and from work in an assigned police vehicle to accommodate their on call status. It was stated, "However, if these individuals are not on call, the use of the police vehicle going to and from work would be personal use which may be restricted by the governing authority."
In your fourth question you ask whether the City Council can require that no special meetings shall be called without the approval of the majority of the City Council, and we find that the City Council cannot provide that no special meetings shall be called without the approval of the majority of the City Council inasmuch as R.S. 33:405 provides that special meetings of the mayor and board of aldermen "may be called by themayor or a majority of the members of the board." Therefore, the statute sets forth that the mayor can call special meetings, and in Atty. Gen. Op. 93-644 it was stated while this statute requires at least one regular meeting per month, there is no maximum limit for the special meetings called per month. However, it should be recognized although the mayor can call a special meeting, a quorum of the board of aldermen is necessary to transact business.
Regarding your fifth question, we do not find the City Council can require that a list of all accounts and accounts payable and purchase orders be presented to them by the Mayor under the concept stated hereinabove that after the budget is approved and the funds have been appropriated, they have no right to approve the payment of specific bills that fall within the category in the approved budget. However, it appears under state law they would have the information of all accounts and accounts payable and purchase orders wherein the provisions of R.S. 33:425
require the treasurer shall keep "accurate accounts of all receipts and disbursement, and shall make report, in writing to the mayor and board of aldermen, at each regular meeting, of the finances of the municipality"; and R.S. 33:422 designates the clerk shall be the auditor of the municipality and keep a book where "he shall enter and preserve accounts of each particular fund, and the accounts of each municipal officer" and "the books of the auditor shall be subject to inspection by the taxpayers of the municipality at any time during business hours."
Pursuant to previous opinions of this office we would conclude in regard to your last two questions that the City Council can set times for all department heads to meet for reorganization meetings and require that each department head present a list of their employee's job description and duties, and can designate and set the work time for city employees each day, including lunch. This office noted in Atty. Gen. Op. 86-325 under R.S. 33:362A(3) that "the board of aldermen shall, by ordinance
provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees", and concluded as follows:
 Generally, the board of aldermen of a Lawrason Act municipality has the authority to provide, by ordinance, policies and procedures regulating the employment of all municipal employees. While the mayor is the chief municipal administrative officer and is given the authority to supervise and direct the day to day administration and operation of all municipal departments and agencies, he has not been given the specific authority to set or establish municipal policies and procedures which would regulate the employment of municipal employees. The establishment of office hours for municipal employees and other policies which regulate the employment of said employees appears to come within the realm of the board's authority to provide policies and procedures regulating the employment of municipal employees.
 Thus, it is the opinion of this office that the board of aldermen has the authority to establish, by ordinance, office hours for and regulations requiring the use of a time clock by municipal employees, including the fire chief. (Emphasis added.)
We hope this sufficiently answers all your questions, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: May 30, 2003
 BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL